■ 330 Acquisition Co., LLC, Appellant, v Regency Savings Bank, F.S.B., Respondent. [741 NYS2d 24] —Order, Supreme

Court, New York County (Robert Lippmann, J.), entered on or about February 13, 2001, which, to the extent appealed from as limited by the brief, granted defendant's motion to dismiss the amended complaint, unanimously modified, on the law, to reinstate the causes of action for tortious interference with contract and for indemnification, and otherwise affirmed, without costs.

This dispute arises out of defendant Regency Savings Bank's acquisition of a one-half interest in a mortgage encumbering property located at 330 Seventh Avenue in the County of New York. In 1977, the Federal Deposit Insurance Corporation (the FDIC) disposed of some 1,100 assets of failed savings and loan institutions. At auction, the assets were grouped into 30 pools, on which prospective buyers bid in the aggregate. Defendant purchased its mortgage interest from the FDIC as part of a pool of some 20 assets. Defendant's interest is represented by a mortgage participation agreement that requires each of the equal owners to offer its interest to the other before transferring or otherwise disposing of it.

Plaintiff 330 Acquisition Co. had previously purchased its one-half interest in the participation agreement from the lead lender on the mortgage. Upon learning about the proposed asset sale, plaintiff wrote to the FDIC in an attempt to exercise its right of first refusal. The FDIC then asked defendant to permit the agency to offer the participation interest to plaintiff. When defendant refused, the FDIC obtained a letter agreement from defendant, acknowledging defendant's refusal and defendant's willingness to "respond to any litigation that might be commenced with respect to the asset."

The complaint alleges that, by refusing to permit the FDIC to first extend the right to purchase the participation interest to plaintiff, defendant induced the FDIC to breach the terms of the mortgage participation agreement. To state a cause of action for tortious interference with contract, it is necessary to demonstrate "the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424). The letter agreement between the FDIC and defendant Regency together with the complaint's allegations regarding plaintiff's direct communication of its position to defendant make out a prima facie case (*see, William Kaufman Org. v Graham & James*, 269 AD2d 171, 173-174).

It is apparent that the FDIC sought to honor plaintiff's right of first refusal, but was dissuaded from extending the prerogative to plaintiff by Regency, its contract vendee. Nor is there merit to defendant Regency's contention that it did not induce any breach by the FDIC because the agency is empowered to disaffirm any contractual obligation that it deems to be burdensome (Financial Institutions Reform, Recovery, and Enforcement Act of 1989 [FIRREA], 12 USC § 1821 [e] [1]). While the FDIC is not required to make formal findings, and judicial review of its determination is narrowly circumscribed (*Howell v Federal Deposit Ins. Corp.*, 986 F2d 569, 572-573 [1st Cir 1993]), passing an asset free of contractual encumbrances constitutes a breach of the contract by the agency (*see, McCarron v Federal Deposit Ins. Corp.*, 111 F3d 1089, 1095 [3d Cir 1997], *cert denied* 522 US 1046; *Howell v Federal Deposit Ins. Corp.*, *supra* at 572). While the FDIC is only subject to a claim for compensatory damages (FIRREA, 12 USC § 1821 [e] [3] [A], [B]; *see, McCarron v Federal Deposit Ins. Corp.*, *supra* at 1095), defendant has offered no authority for its intimation that such limitation on recovery might extend to the party that induced the breach. Moreover, it is clear from the letter agreement between the FDIC and defendant that the agency, by indicating its willingness to honor the contract, failed to make the requisite determination that it considered the contractual obligations to be burdensome (*McCarron v Federal Deposit Ins. Corp.*, *supra* at 1094-1095), a determination required to be made clearly and unambiguously, even when made informally (*id.* at 1094). Here, the FDIC clearly effected a transfer of the interest in the underlying mortgage subject to plaintiff's rights under the mortgage participation agreement, with the express understanding that defendant would be required to respond, in court, to plaintiff's assertion of those rights.

As to plaintiff's breach of contract action against Regency, it is clear that the acts complained of are merely defendant's efforts to protect its interests in state foreclosure proceedings and in a federal bankruptcy action. Defendant cannot be held accountable for pursuing litigation to protect its rights in response to plaintiff's refusal to recognize defendant's half interest in the mortgage participation agreement. Furthermore, the existence of an unambiguous written agreement setting forth the respective rights of the parties obviates the need to rely on evidence extrinsic to the contract or to indulge in factual determinations (*Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 192 AD2d 83, 86, *affd* 84 NY2d 430 [citing *West, Weir & Bartel v Mary Carter Paint Co.*, 25 NY2d 535, 540; *Eden Music Corp. v Times Sq. Music Publs. Co.*, 127 AD2d 161, 164]). Thus,

there is no merit to plaintiff's contention that Supreme Court improperly resolved factual issues in dismissing the cause of action for breach pursuant to CPLR 3211.

With respect to plaintiff's indemnification claim, the situation is otherwise. The extent to which litigation undertaken by plaintiff conferred a benefit upon defendant is a question of fact that is not amenable to resolution on a motion to dismiss. The construction to be accorded to the provision that "counsel shall be satisfactory" to both parties is open to interpretation; but there is no doubt about the meaning of the prescription that counsel expenses "not recovered from the borrower shall be borne pro rata by the Participants." Even in the absence of any requisite consent to counsel, defendant can be required to contribute for its share of the conferred benefit (*see, Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 484). Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.