■ 330 Acquisition Co., LLC, Respondent, v Regency Savings Bank, F.S.B., Appellant. [798 NYS2d 389]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered September 30, 2004, which, inter alia, granted plaintiff's motion for partial summary judgment on its claim for tortious interference and plaintiff's cross motion for summary judgment dismissing defendant's counterclaim for breach of contract, unanimously affirmed, with costs.

In this action arising out of the auction sale to defendant Regency Savings Bank by the Federal Deposit Insurance Corporation (FDIC) of the FDIC's 50% passive interest in a certain participation agreement, plaintiff, the owner of the remaining 50% interest, had a right of first refusal to purchase the participation interest acquired by defendant and has alleged, inter alia, that defendant tortiously interfered with that contractually conferred right. We have already had occasion to observe in reinstating plaintiff's tortious interference claim that "[i]t is apparent that the FDIC sought to honor plaintiff's right of first refusal, but was dissuaded from extending the prerogative to plaintiff by Regency, its contract vendee" (293 AD2d 314, 316 [2002]). Indeed, the evidence, including a letter executed on behalf of defendant, establishes unequivocally that although the FDIC indicated its willingness to comply with plaintiff's right of first refusal and specifically contacted Regency to obtain its consent thereto, defendant refused to consent and, in fact, actively sought to induce the FDIC's breach of the participation agreement by offering to respond to any litigation commenced respecting the asset at issue. Under these circumstances, it is plain that the FDIC's sale of the asset, without first offering it to plaintiff, was attributable to defendant's knowing and

unjustified interference with the relations established by the underlying contract and that plaintiff was entitled to summary judgment as to liability on its tortious interference claim (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Defendant's contention that the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ([FIRREA] codified at 12 USC § 1811 *et seq.*) authorized the FDIC to dispose of the subject asset without abiding by the underlying contract is without merit. The FIRREA does not preempt state law contract rights (*see Sharpe v FDIC*, 126 F3d 1147, 1155 [1997]; *Waterview Mgt. Co. v Federal Deposit Ins. Corp.*, 105 F3d 696, 699 [1997]), it merely permits such rights to be disaffirmed upon the satisfaction of certain statutorily prescribed conditions (*see* 12 USC § 1821 [e] [1], [3]) never met in the matter at bar.

With respect to defendant's counterclaim for breach of contract, it is sufficient to observe that none of the complained-of acts rises to the level of gross negligence or willful misconduct and accordingly that, given the liability threshold established by the participation agreement, defendant has no actionable claim.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.