■ ASA NATHANSON et al., Appellants, v TRI-STATE CONSTRUCTION LLC et al., Respondents. [876 NYS2d 17]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 19, 2008, insofar as it granted defendants' motion for summary judgment to the extent of dismissing the second, third, fourth and fifth causes of action asserted in the amended complaint, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs. Appeal from that part of the aforesaid order incorporating prior rulings, unanimously dismissed, without costs.

The court properly granted defendants' motion to the extent of dismissing the fraud causes of action asserted in the amended

complaint. Section 4.01 of the contract provided that "unless otherwise provided, Seller is the sole owner of the premises." As found by the court, the Seller did "otherwise provide"—by handwritten amendment to the form contract which stated that "if at closing Seller does not have or cannot convey title the contract is rescinded," a reference to the fact that the property was being "flipped." Language expressly granting DeMaio, the escrow agent, permission to transfer all or part of the down payment held in escrow to a separate escrow account to be held as an additional deposit under the purchase contract also could only refer to the underlying contract between the owner, Vaij Realty, and Tri-State. Given the express terms of the contract, plaintiffs cannot claim to have been misled regarding the nature of the transaction.

Plaintiffs assert that other "issues of fact" warranted denial of defendants' motion. However, the issues to which plaintiffs point, i.e., the legality of the purported assignment from plaintiffs to Omansky, whether defendants acknowledged same, and whether or not there was a financing contingency, go to which party breached the contract, and have no bearing on dismissal of the fraud claims.

Finally, plaintiffs assert that they are entitled to rescission of the contract since it is undisputed that defendants never had title to the property and were never in a position to convey title to the property. The contract does provide that "[i]f at closing seller does not have or cannot convey title, the contract is rescinded." However, as the court found, there are factual issues concerning which party first breached the contract, precluding judgment as a matter of law on this issue.

To the extent plaintiffs seek appellate review of prior rulings on the cross motion with respect to amending the complaint, striking the answer, disqualifying defendants' counsel and for a default judgment, which were set forth in transcripts not included in the record before us, the appeal is dismissed for failure to comply with the rules of this Court (see CPLR 5528 [a] [5]; Rules of App Div, 1st Dept [22 NYCRR] § 600.5 [a]). Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.