■ MICHAEL I. KNOPF et al., Appellants, v MICHAEL HAYDEN SANFORD et al., Respondents. [1 NYS3d 18]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 16, 2013, which denied plaintiffs' motion for summary judgment on their breach of contract and constructive trust causes of action, and for dismissal of defendants' affirmative defenses and counterclaims, unanimously modified, on the law, to grant so much of the motion as sought partial summary judgment on the breach of contract causes of action, and dismissal of the breach of contract, fraud, and prima facie tort counterclaims, and otherwise affirmed, without costs.

In this action, plaintiffs Michael I. Knopf and Norma Knopf, the sole members of plaintiff Delphi Capital Management LLC, seek to recover amounts alleged to be owed by defendant Michael Hayden Sanford and his companies pursuant to various loan agreements. Plaintiffs established their entitlement to summary judgment on their causes of action for breach of contract via the submission of uncontroverted evidence, including tax forms and defendant Sanford's deposition testimony, as to the amounts loaned to Sanford and his companies, the distributions made, and the profits earned on capital. Defendants' claim that plaintiffs received more in distributions than their capital contribution fails to account for the profits made on Delphi's capital account and the loan for the purchase of a penthouse condominium unit.

Defendants' challenge to the enforceability of the loan agreements is unavailing, and they failed to show "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). The contract for the penthouse loan is evidenced by a signed writing, by Sanford's and defendant Pursuit Holdings LLC's acceptance and use of the loan funds, and by their subsequent confirmation of indebtedness. While the parties anticipated the execution of a more formal writing, Sanford and Pursuit evidenced a clear intent to be bound in the interim (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 368-369

[2005]). Further, although later loan agreements refer to earlier agreements, the later agreements do not alter or reflect an intent to supersede the terms of the earlier agreements (*cf. Private One of N.Y., LLC v JMRL Sales & Serv., Inc.*, 471 F Supp 2d 216, 223 [ED NY 2007]).

Plaintiffs failed to establish their entitlement to summary judgment on their constructive trust claim, as plaintiffs have not made an evidentiary showing that money damages would be inadequate (*see Evans v Winston & Strawn*, 303 AD2d 331, 333 [1st Dept 2003]). This Court's finding on a prior appeal that the complaint "seeks a judgment that 'would affect the title to, or the possession, use or enjoyment of, real property' " (110 AD3d 502, 502 [1st Dept 2013]), did not reach the merits of the claim.

Plaintiffs are entitled to dismissal of the counterclaim for breach of an alleged agreement to provide defendants Sanford and Sanford Partners, L.P. (Partners) with a five to seven million dollar loan of trading capital. The subject agreement provides that plaintiffs shall loan Sanford the "majority of the [Sanford Partners Voyager] Fund's assets," and Sanford admitted that plaintiffs advanced the full amount in the Fund (approximately $1.67 million) at the time the loan was due. Defendants may not rely on parol evidence to vary the terms of the agreement (*see Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 370 [1st Dept 1996]). For similar reasons, the fraud counterclaim must be dismissed because defendants cannot establish reasonable reliance on an alleged promise that conflicts with the express terms of the agreement (*see Nathanson v Tri-State Constr. LLC*, 60 AD3d 547, 547-548 [1st Dept 2009]).

Plaintiffs are also entitled to dismissal of the counterclaim for prima facie tort, which alleges that Michael Knopf told Sanford's neighbors that, among other things, he was a "fraud" and had stolen money from Knopf. The counterclaim is actually an inadequately pleaded claim for defamation, which fails to "allege the time, place and manner of the false statement and specify to whom it was made" (*Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999] [internal quotation marks omitted]).

The counterclaim for tortious interference with prospective business relations is viable, and plaintiffs' alleged tortious conduct is not "contractually privileged" (*cf. Lazar's Auto Sales, Inc. v Chrysler Fin. Corp.*, 83 F Supp 3d 384, 391-392 [SD NY 2000]). Indeed, the agreement at issue merely provides plaintiffs with a veto right on encumbrances, and it does not allow them to contact prospective lenders and make statements to them in an effort to thwart defendants' attempts to obtain financing.

We decline to consider plaintiffs' request for an accounting, as they never sought an accounting in the complaint or in their motion papers. Further, plaintiffs' conclusory arguments for dismissal of the numerous affirmative defenses are unavailing. Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.