■ MICHAEL I. KNOPF et al., Appellants, v MICHAEL HAYDEN SANFORD et al., Respondents. [55 NYS3d 214]—

Orders, Supreme Court, New York County (Richard F. Braun, J.), entered on or about November 3, 2016, which (1) granted defendants' motion to vacate plaintiffs' note of issue and recognized defendants' right to a jury trial on damages, and (2) denied plaintiffs' motion to confirm the report of JHO Gammerman, unanimously reversed, on the law and the facts, without

costs, the motion to vacate denied, the note of issue reinstated, the request for a jury trial denied, and the matter remanded for further proceedings.

Plaintiffs commenced this action to recover amounts allegedly owed by defendants pursuant to various loan agreements. This Court previously determined plaintiffs' entitlement to partial summary judgment on their breach of contract claims (*see* 123 AD3d 521 [1st Dept 2014]), but the decision did not provide for entry of judgment. Accordingly, Supreme Court, on July 23, 2015, issued an order of reference to the inquest part to calculate damages. No defendant objected to or appealed from the order. Per court directive and the parties' stipulation, plaintiffs filed a note of issue on December 9, 2015 to have the case calendared in the inquest part, and, by email and regular mail, served the note of issue and certificate of readiness on defendants' counsel Holwell Schuster & Goldberg LLP and also on defendant Sanford, who, at times, had appeared pro se. Plaintiffs offer affidavits swearing that the addresses used for service were correct and acknowledging that the affirmation of service includes multiple typographical errors as to the addresses used.

In response to email service of the note of issue, Holwell Schuster, which had filed in this Court a notice of appearance as counsel to all defendants, replied it was "not counsel in the [Supreme Court] case" and plaintiffs' counsel should accordingly "not proceed on the assumption that serving our firm constitutes service."

Defendants Pursuit and Sanford filed jury demands on January 14, 2016, the day the inquest on damages was scheduled to begin before JHO Gammerman. At their initial appearance before JHO Gammerman on January 14, 2016, defendants raised, for the first time, the issue of proceeding by jury trial rather than inquest. JHO Gammerman stated such issues could be decided only by the referring court, and adjourned the inquest for several days. Despite JHO Gammerman's explanation and despite appearing before the court later that day, defendants did not raise the jury trial issue and instead only sought an adjournment of the inquest, which request was denied. The inquest resumed on January 19 and defendants' counsel again raised the jury trial issue, and JHO Gammerman again stated his recommendation had been to raise the issue before the court, as only the court could decide the issue, and stated that he had granted the adjournment for that purpose. On learning that counsel had nevertheless failed to raise the jury trial issue with the court during the adjourn-

ment, JHO Gammerman proceeded to start the inquest in earnest. Multiple days of hearings followed, at the end of which JHO Gammerman concluded the amount due plaintiffs from Sanford individually totaled $10,937,850, and of that amount, defendants Sanford and Pursuit were jointly liable to plaintiffs for $8,336,488. Ten days later, defendants' co-counsel demanded that plaintiffs' counsel withdraw the note of issue on grounds of improper service, an issue never before raised.

Supreme Court erred in granting the motion to vacate on grounds of improper service. The record establishes that service by email was effected on Holwell, Schuster, counsel to all defendants. Supreme Court appropriately rejected defendants' argument that Holwell, Schuster's representation was limited to appellate matters, as the notice of appearance does not so indicate and they furnish no proof of either having given informed consent to a limited representation or proof that notice of such limited representation was provided to the court or opposing counsel (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.2 [c]). Service by email was valid, as the notice of appearance expressly requested such service (*see Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L.*, 78 AD3d 137, 141-142 [1st Dept 2010]), and the record establishes a pattern of email service between opposing counsel. As Holwell, Schuster was counsel to defendant Sanford at the time, this resolves the inquiry as to the propriety of service on him as well.

Supreme Court also erred in recognizing defendants' right to a jury trial on damages. As the note of issue was properly served by email on December 9, 2015, their jury demands were due by December 24 (*see* CPLR 4102 [a]), and they made no application to extend their time under CPLR 4102 (e). Their objections to JHO Gammerman do not affect this result, as they knew the objections could only be raised to the referring court but they did not raise them, even when granted an adjournment of the inquest for that purpose.

As Supreme Court's denial of the motion to confirm was based solely on its decision to vacate the note of issue, the order denying the motion is reversed and the motion remanded to the court to confirm, reject, or modify JHO Gammerman's report on the merits (*see* 22 NYCRR 202.44). Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.