Petrisko v Animal Med. Ctr. (2020 NY Slip Op 05830)





Petrisko v Animal Med. Ctr.


2020 NY Slip Op 05830


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 151573/18 Appeal No. 12095 Case No. 2019-5044 

[*1]Jennifer Petrisko, Plaintiff-Appellant,
v
Animal Medical Center, et al., Defendants-Respondents.


Law Offices of Ian Wallace, PLLC, New York (Ian Wallace of counsel), for appellant.
Bond, Schoeneck & King, PLLC, New York (Louis P. DiLorenzo of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about March 25, 2019, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court correctly dismissed as untimely the defamation claims arising from statements that were made more than a year before this action was commenced (CPLR 215[e]). Contrary to plaintiff's contention, the continuing course of conduct doctrine does not apply to defamation claims (see Cheves v Trustees of Columbia Univ., 89 AD3d 463 [1st Dept 2011], lv denied 18 NY3d 807 [2012]). The remaining defamation claims were correctly dismissed as statements of opinion (see Scialdone v DeRosa, 148 AD3d 741, 742 [2d Dept 2017]) or lacking the requisite temporal and factual specificity (see CPLR 3016[a]; Knopf v Sanford, 123 AD3d 521, 522 [1st Dept 2014]).
The complaint fails to state a claim under Labor Law § 215 for constructive discharge in light of plaintiff's attempt to rescind her resignation (see Cadet v Deutsche Bank Sec. Inc., 2013 WL 3090690, *11, 2013 US Dist LEXIS 87328, *29-30 [SD NY, June 18, 2013]). In any event, the passage of eight months between plaintiff's complaint about defendant Animal Medical Center's policies and her purported discharge precludes a finding of a causal connection between them (see Garrett v Garden City Hotel, Inc., 2007 WL 1174891, *21, 2007 US Dist LEXIS 31106, *69-70 [ED NY April 19, 2007]).
The complaint fails to state a claim for tortious interference with prospective employment because there can be no tortious interference with prospective at-will employment (Pezhman v Chanel, Inc., 126 AD3d 497 [1st Dept 2015]). The claim for tortious interference with contract in connection with a stable where plaintiff kept her horses was correctly dismissed because an agreement terminable at will is classified as a prospective contractual relation only, not an existing contract (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191-192 [1980]).
The motion court providently exercised its discretion in denying plaintiff's request for leave to file a second amended complaint, as the proposed pleading is without merit (see CPLR 3025[b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020