Board of Mgrs. of the Residential Section of the Plaza Condominium v Franzese (2021 NY Slip Op 02094)





Board of Mgrs. of the Residential Section of the Plaza Condominium v Franzese


2021 NY Slip Op 02094


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 654394/15 Appeal No. 13505-13506-13507-13507A Case No. 2020-00910 2020-00911 2020-00913 2020-00914 

[*1]Board of Managers of the Residential Section of the Plaza Condominium, Plaintiff-Appellant,
v
Kristin Franzese etc., et al., Defendants, CPS 1 Realty, LP, et al., Defendants-Respondents.


Harris Beach PLLC, Uniondale (Keith M. Corbett of counsel), for appellant.
Rivkin Radler, LLP, Uniondale (Merril S. Biscone of counsel), for CPS1 Realty LP, El-Al Properties NY LLC, Plaza Accessory Owner LP, Plaza Club Owner LP, Plaza Residential Owner LP, Plaza Residential Owner GP LLC, CPS 1 Realty GP LLC and El Ad US Holdings, Inc., respondents.
Warshaw Burstein, LLP, New York (Grant R. Cornehls of counsel), for Sahara Dreams, LLC, Sahara US Corp, Sahara Plaza LLP, Sahara Plaza LLC, Board of Managers of the Hotel Section of the Plaza Condominium, Hampshire Hotels Management LLC, Hampshire Hotels & Resorts Limited Liability Company, Dream Hotel Group, LLC, Sahara Dreams Co. II Inc., Sahara Dreams Limited, Sahara Plaza Inc., Sahara Plaza II Inc., Sahara Hampshire Hotel Management LLC, Sahara Hampshire Hospitality Management Limited, Sahara Hampshire Hotel Management Co. II Inc. and Sahara Hampshire Hotel Management Co. Inc., respondents.
Allegaert Berger & Vogel LLP, New York (Louis A. Craco, Jr. of counsel), for Kingdom Holding Company and Kingdom XXII (USA) Ltd., respondents.



Appeal from four orders, Supreme Court, New York County (Tanya R. Kennedy, J.), entered November 13, 14, and 18, 2019, which granted defendants-respondents' (hereinafter defendants) motions to dismiss the second amended complaint, unanimously dismissed, with costs.
All four of the orders appealed from granted defendants' motions to dismiss for the reasons set forth on the record on November 13, 2019; two of the orders also referred to the record of November 18. However, plaintiff failed to include these transcripts in its record, "render[ing] meaningful appellate review of this matter impossible" (Sebag v Narvaez, 60 AD3d 485 [1st Dept 2009], lv denied 13 NY3d 711 [2009]; see also Quezada v Mensch Mgt. Inc., 89 AD3d 647 [1st Dept 2011]; Nathanson v Tri-State Constr. LLC, 60 AD3d 547, 548 [1st Dept 2009]).
The issue of reasonable costs, necessary disbursements and reasonable attorneys' fees incurred in enforcing the settlement agreement between plaintiff and the sponsor defendants is not properly before this Court because we do not know, based on the record before us, if the trial court reached this issue. Nor do we find plaintiff's conduct so frivolous as to warrant sanctions (see generally Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 70 [1st Dept 2006] ["this Court must be careful to avoid the imposition of sanctions in cases where the appellant asserts colorable, albeit unpersuasive, arguments in good faith and without an intent to harass of injure"]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021