## Strategic Funding Source, Inc. v Yes Fin. Servs., LLC

2024 NY Slip Op 30523(U)

February 16, 2024

Supreme Court, New York County

Docket Number: Index No. 654805/2021

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON                          PART            42

*Justice*

-----------------------------------------------------------------------------X

STRATEGIC FUNDING SOURCE, INC. d/b/a KAPITUS
SERVICING, INC. f/k/a COLONIAL FUNDING NETWORK,
INC. as Servicing Agent for PLATINUM RAPID FUNDING
GROUP and VITALCAP FUND EMERALD GROUP
HOLDINGS LLC,

INDEX NO.          654805/2021

MOTION DATE          12/15/2023

MOTION SEQ. NO.          004

Plaintiff,

- v -

YES FINANCIAL SERVICES, LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76

were read on this motion to/for                          JUDGMENT - DEFAULT                          .

In this action, *inter alia*, to recover unpaid receivables allegedly owed by non-party merchants, the plaintiff moves pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. In the amended complaint, which includes claims for breach of contract, tortious interference with a contractual relationship and unjust enrichment, the plaintiff appears to allege that the defendant referred merchants to the plaintiff pursuant to a referral agreement, the plaintiff paid the requisite referral fees and entered into contracts with the merchants for the purchase of receivables and advanced the requisite capital funds to the merchants. However, according to the plaintiff, the defendant then rendered some of the merchants unable to meet their obligations to the plaintiff by "stacking" or facilitating secondary financing for those clients in violation of the "no stacking" provision of the parties' agreement.

In the original complaint, the plaintiff sought damages of $800,090.29 plus an unspecified amount of attorney's fees. In its first motion pursuant to CPLR 3215, the plaintiff sought $279,389.61, plus attorney's fees of $29,987.70 and punitive damages (MOT SEQ 001). That motion was denied by an order dated August 30, 2022, upon the plaintiff's failure to submit

Page | 1

[* 1]

INDEX NO. 654805/2021

RECEIVED NYSCEF: 02/18/2024

proof of the facts constituting its claims as required by CPLR 3215(f). That denial was without prejudice to renewal within 30 days. The plaintiff did not so move but moved for leave to file an amended complaint to delete certain claims (MOT SEQ 002). By an order dated December 29, 2022, that motion was granted and the defendant was given 30 days to answer the amended complaint. No answer was filed. By an order dated August 1, 2023, the court noted that the plaintiff did not move for a default judgment after the December 29, 2022, order, such that the complaint was subject to dismissal pursuant to CPLR 3216 and 3215(c). This motion was filed two months later on October 29, 2023 (MOT SEQ 004).

By this motion, the plaintiff again seeks leave to enter a default judgment, this time in the sum of $313,563.30, plus attorney's fees of $34,675.20, and punitive damages of $156,781.65 (representing 50% of the breach of contract damages sought). It appears that since the action was commenced, partial payments were received by the plaintiff from some merchants, reducing its claimed damages. The plaintiff also seeks an order sealing certain documents pursuant to 22 NYCRR 216.1. No opposition is submitted.

The motion is granted in part – (1) the branch seeking a default judgment is granted on the issue of liability on the causes of action for breach of contract and tortious interference with contractual relations, as limited herein to three merchants, and an inquest is ordered, wherein the plaintiff shall establish the amount, if any, of damages and attorney's fees to be awarded, and that branch of the motion is otherwise denied, and (2) the branch of the motion seeking an order of sealing is denied for failure to establish entitlement to that relief.

The plaintiff's proof on this motion includes the amended complaint, verified by David Wolfson, plaintiff's Vice-President of Risk Management and Asset Recovery, an affidavit of Wolfson, the Sales Referral Agreement entered between the plaintiff and defendant on September 21, 2015, and the various agreements, applications, confessions of judgment and account and bank statements referred to in the amended complaint and affidavit. The proof demonstrates, *prima facie,* a claim for breach of contract, *ie,* (1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of that contract, and (4) resulting damages. See Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445 (1st Dept. 2016); Harris v Seward Park Housing Corp., 79 AD3d 425 (1st Dept. 2010).

Page | 2

[* 2]

The plaintiff's proof also establishes a *prima facie* claim of tortious interference with a contractual relationship – "(1) the existence of a valid contract between [a party] and a third party; (2) the [opposing party's] knowledge of that contract; (3) the [opposing party's] intentional procuring of the breach, and (4) damages." Foster v Churchill, 87 NY2d 744, 749–50 (1996) (citation omitted); Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48 (1st Dept. 2015); see also 330 Acquisition Co., LLC v Regency Sav. Bank, F.S.B., 293 AD2d 314, 315 (1st Dept. 2002). These claims, however, is limited in scope to three merchants for which the plaintiff submitted proof on this motion – Morris Tool Company, Inc., Pulltight Trucking, LLC and Gallina Farms of Albertis, LLC. Having failed to answer, the defendant is "deemed to have admitted all factual allegations in the complaint and all reasonable inferences that flow from them." Woodson v Mendon Leasing Corp., 100 NY2d 62, 70–71 (2003). However, the plaintiff has not established the amount of damages on either claim, but may do so at an inquest.

As the plaintiff alleges unjust enrichment only in the alternative, that cause of action is deemed withdrawn. Indeed, as a general rule, where a plaintiff seeks to recover under an express agreement, no cause of action lies to recover for unjust enrichment. See Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 (1987); JDF Realty, Inc. v Sartiano, 93 AD3d 410 (1st Dept. 2012).

The plaintiff's request for punitive damages is denied. Punitive damages may be awarded only "where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, and others who might otherwise be so prompted, from indulging in similar conduct in the future." Walker v Sheldon, 10 NY2d 401, 404 (1961); see Marinaccio v Town of Clarence, 20 NY3d 506 (2013). For that reason, "punitive damages are not recoverable for an ordinary breach of contract." Rocanova v Equitable Life Assur. Soc. of U.S., 83 NY2d 603, 613 (1994). Nor does the alleged conduct underpinning the tortious interference claim rise to the level of a "wrong" that "is morally culpable or is actuated by evil and reprehensible motives." As stated, the plaintiff alleges that the defendant engaged in "stacking" by facilitating secondary financing for the merchants it had also referred to the plaintiff, thereby resulting in some merchants failing to meet their contractual obligations to the plaintiff. While this conduct may give rise to compensatory damages, it is not the type of "evil motive" that would support an award of punitive damages.

Page | 3

Attorney's fees are recoverable, where, as here, there is a specific contractual provision for that relief. See Flemming v Barnwell Nursing Home and Health Facilities, Inc., 15 NY3d 375 (2010); Coopers & Lybrand v Levitt, 52 AD2d 493 (1st Dept. 1976). In these motion papers, the plaintiff establishes entitlement to contractual attorney's fees as provided in Paragraph 12 of the Sales Referral Agreement, which provides in part that "in the event the [plaintiff] is forced to engage legal counsel or commence litigation to protects its rights, the [defendant] shall be responsible for all legal and litigation costs." However, the plaintiff has not established the amount of fees incurred in this action. That amount may be established at the inquest.

Sealing is not warranted. 22 NYCRR 216.1(a) provides that "a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." In Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 6-7 (1st Dept. 2000), the First Department explained the basis for the rule and the broad right of the public's access to the courts and judicial records by stating, in part:

> We start by taking note of the broad constitutional proposition, arising from the First and Sixth Amendments, as applied to the States by the Fourteenth Amendment, that the public as well as the press are generally entitled to have access to court proceedings. Since the right is of constitutional dimension, any order denying access must be narrowly tailored to serve compelling objectives, such as the need for secrecy that outweighs the public's right to access (Globe Newspaper Co. v Superior Court, 457 U.S. 596, 605-607 [1982]) . . .

> In New York, too, we have stated that "statutory and common law ... have long recognized that civil actions and proceedings should be open to the public in order to ensure that they are conducted efficiently, honestly and fairly" (Matter of Conservatorship of Ethel Brownstone, 191 AD2d 167, 168 [1st Dept. 1993]).

Thus, pursuant to 22 NYCRR 216.1, all court records and documents are presumptively open to the public absent a showing of "good cause" for sealing. See Mosallem v Berenson, 76 AD3d 345 (1st Dept. 2010). "Although the rule does not further define 'good cause', a standard that is 'difficult to define in absolute terms', a sealing order should rest on a 'sound basis or

Page | 4

legitimate need to take judicial action,' a showing properly burdening the [moving party]." <u>Danco Labs. v Chemical Works of Gedeon Richter</u>, <u>supra</u> at 8. The plaintiff does not meet that burden.

Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant is granted, without opposition, on the issue of liability on first and second causes of action of the amended complaint, breach of contract and tortious interference with a contractual relationship, respectively, limited as set forth herein, with damages and contractual attorney's fees to be determined at inquest, and the motion is otherwise denied, and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who is directed, upon the filing of a Note of Issue and a Certificate of Readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment of damages hereinabove directed and it is further,

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)].

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **2/16/2024** | |
| **DATE** | **NANCY M. BANNON, J.S.C.** |

CHECK ONE:

| | | |
|---|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

**654805/2021   STRATEGIC FUNDING SOURCE, INC. ET AL vs. YES FINANCIAL SERVICES, LLC          Page 5**