**McHugh v Martinez**

2025 NY Slip Op 30936(U)

March 21, 2025

Supreme Court, New York County

Docket Number: Index No. 656295/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

PART  **11M**

-------------------------------------------------------------------------------X

JOHN F MCHUGH

Plaintiff,

- v -

RUBEN DARIO MARTINEZ,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.  656295/2023

MOTION DATE  01/27/2025, 02/13/2025

MOTION SEQ. NO.  003 004

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 22, 23, 24, 25, 26 were read on this motion to/for       JUDGMENT - DEFAULT      .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 27, 28, 29, 30, 31 were read on this motion to/for       DISMISSAL      .

Upon the foregoing documents, plaintiff's motion is denied, and defendant's motion is granted.

**Background**

In 2008, Ruben Martinez ("Defendant") won the New York State Lottery "Win for Life" instant cash game. In 2016, an entity called Advanced Funding LLC instituted a proceeding against Defendant in Schenectady County, claiming that Defendant assigned his lottery collection rights to them. Defendant hired John F McHugh ("Plaintiff") in 2017 to represent him in challenging the purported assignment. In 2020, Defendant paid Plaintiff $10,000 in cash. Defendant alleges that he understood this to be a flat fee, and Plaintiff alleges that this was an advance. Plaintiff claims that he had a retainer agreement with Defendant setting forth an hourly rate, which would be applied for the remainder of the litigation proceedings. The attached retainer is not signed, and Plaintiff acknowledges that he has no signed copy of the retainer.

656295/2023   NCHUGH, JOHN F vs. MARTINEZ, RUBEN DARIO
Motion No.  003 004

Page 1 of 7

[* 1]

Defendant alleges that he cannot read or speak English and was unaware that any money beyond the $10,000 would be due.

In December of 2023, Plaintiff filed the underlying proceeding. Plaintiff's complaint does not specify any causes of action or specify what claims he has against Defendant, other than his request for a money judgment against Defendant in the amount of $90,070.00 with interest from August 1, 2023. Presumably, the claim is for breach of contract and/or account stated. When Defendant did not answer or appear, Plaintiff moved for a default judgment. This was denied in an Order dated 07/30/2024, because the complaint failed to make out a prima facie case. The Order noted that the complaint failed to indicate what the cause of action was, and that there was no discussion of the terms of the retainer agreement or whether the agreement was in writing or verbal. Plaintiff then moved to amend the complaint, although his amended complaint (NYSCEF # 13) again failed to indicate a cause of action. The Order granting the motion to amend was dated 8/27/2024. It ordered that the amended complaint "shall be deemed served upon service of a copy of this order with notice of entry thereof" and stated that defendant shall serve an answer to the amended complaint or otherwise respond within 20 days of the date of said service.

Plaintiff alleges that he served the Defendant "by email" the day of the Order. On October 15, 2024, Defendant filed a motion asking for an extension. Defendant alleged that he need time to "get the proper help" as well as an interpreter as his English is very limited, and that he never received the summons and complaint. Plaintiff states that he informed the Defendant that he had no objection to an extension through November 1, 2024. In early January 2025, Defendant had not responded to the amended complaint and Plaintiff brought present motion sequence 003, seeking a default judgment. Plaintiff claims to have personally mailed a copy of the notice of motion to Defendant. In February of 2025, Defendant brought the present motion

656295/2023   NCHUGH, JOHN F vs. MARTINEZ, RUBEN DARIO          Page 2 of 7
  Motion No.  003 004

2 of 7

[* 2]

sequence 004, seeking to dismiss the complaint "due to lack of proof of additional charges, payment was tendered in full." Defendant argues that the two agreed on a flat fee of $10,000, and that he was never given or asked to sign any contract. Defendant also alleges that he never received the summons and complaint.

**Discussion**

Plaintiff alleges that he personally served the Defendant by email for the amended complaint and by mail for the default judgment motion. CPLR § 2103 states that service may be done by "any person not a party." When a plaintiff attempts to do personal service, such service is prohibited. *Commissiong v. Mark Greenberg Real Estate Co. LLC*, 203 A.D.3d 657, 658 (1st Dept. 2022). Furthermore, Plaintiff cites to no authority on the availability of email as a valid form of service (nor, indeed, any case law at all in his papers). Email service can be valid when expressly requested by the party to be served. *See Knopf v. Sanford*, 150 A.D.3d 608, 610 (1st Dept. 2017). But the record here is devoid of any express request by Defendant to be served by email. Failure to serve an amended complaint is grounds for dismissal. *Aciares v. Ragione*, 576 N.Y.S.2d 516, 516 (1st Dept. 1991). And furthermore, even if it was not grounds for dismissal, Defendant's motion to dismiss would still be granted for the reasons given below.

*The Complaint Fails to Plead a Cause of Action for Breach of Contract*

Defendant is moving pro se to dismiss the complaint on the grounds that the agreement for legal representation was for a flat fee of $10,000, and there was no other agreement as to further legal fees. As addressed above, Plaintiff does not identify a cause of action in the amended complaint. Presumably, given the talk of the purported retainer agreement, Plaintiff is requesting a money judgment on a breach of contract theory. Reference is also made to account stated in his response to the motion to dismiss. Therefore, the issue is whether there are factual

656295/2023   NCHUGH, JOHN F vs. MARTINEZ, RUBEN DARIO
Motion No.  003 004

Page 3 of 7

3 of 7

allegations discernable in the pleading that states a cause of action for either breach of contract or account stated. A claim for breach of contract must allege that "(1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages." *VisionChina Media Inc. v. Shareholder Representative Servs., LLC*, 109 A.D.3d 49, 58 (1st Dept. 2013).

The element dispute here is whether the parties entered into a valid retainer agreement. Plaintiff's allegations are that the retainer agreement was "discussed with [Defendant] and delivered to him in writing on three occasions." He alleges that Defendant rejected a contingent fee arrangement, and that "we then agreed with [Defendant] to work at our 1917 billing rate of $450 an hour and would bill when the case was resolved by the Court in Schnectiey [sic]." Plaintiff admits that he does not have a signed copy of the agreement, but states that he sent the blank retainer agreement to Defendant three times and therefore he was "aware" of the contents. Defendant alleges that he understood the $10,000 payment to be a flat fee and that Plaintiff "never gave or asked me to sign a contract. He shows is a contract on file say what he done but never explained or told that there will be more expenses" and that Plaintiff is aware that he does not speak or read English. Plaintiff acknowledges that Defendant "denies knowledge of the English Language."

Crucially, the supposed agreement that Plaintiff seeks to enforce here is a retainer agreement. Plaintiff alleges that he was retained by Defendant on March 16, 2017, to defend him in the Schenectady County Advanced Funding proceeding. The unsigned retainer agreement is dated February 25, 2020. Plaintiff alleges that the parties met in 2020 to discuss the Schenectady proceeding, Defendant rejected a contingent fee arrangement, that Defendant paid $10,000 in cash as an advance, and that the parties agreed that Plaintiff would represent Defendant for the

656295/2023   NCHUGH, JOHN F vs. MARTINEZ, RUBEN DARIO
Motion No.  003 004

Page 4 of 7

4 of 7

hourly rate listed in the retainer agreement. Plaintiff has provided no written letter of engagement from his retainer in 2017. The New York Judiciary Code states that an attorney must "provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter." 22 NYCRR § 1215.1(a). In lieu of this, an attorney can instead enter into "a signed written retainer agreement with the client, before or within a reasonable time after commencing the representation, provided that the agreement addresses" certain matters such as explanation of fees to be charged. 22 NYCRR § 1215.1(c). It is undisputed that Plaintiff has not provided, nor claims to possess, a signed written retainer agreement with the client.

Courts are to "pay particular attention to fee arrangements between attorneys and their clients" as a matter of public policy. *Jacobson v. Sassower*, 66 N.Y.2d 991, 993 (1985). Furthermore, attorneys bear "the burden of showing that a fee contract is fair, reasonable, and fully known and understood by the client." *Id*. Even taking Plaintiff's alleged facts to be true and given every favorable inference, the issue is whether an unsigned retainer agreement (in violation of the Judiciary Law) that was delivered to a client with very limited English, is an enforceable agreement that can constitute the basis for a breach of contract claim. This Court holds that it cannot. In order to properly allege a claim for breach of contract with the retainer agreement, Plaintiff, as the attorney, would need to demonstrate that the arrangement was fully known and understood by Defendant. All Plaintiff has alleged as to this is a conclusory statement that because Defendant was shown or was sent a copy of the retainer agreement, he was "aware" of Plaintiff's hourly rates. This is not sufficient to plead a claim for breach of a retainer agreement. It has not been alleged that Defendant, who did not sign the agreement and paid a lump sum in cash to Plaintiff, was aware of the obligation to pay an hourly rate going forward and understood

656295/2023   NCHUGH, JOHN F vs. MARTINEZ, RUBEN DARIO                                    Page 5 of 7
Motion No.  003 004

5 of 7

the terms of the retainer agreement. To the extent the Plaintiff's cause of action is for a breach of contract, he has failed to adequately plead a claim.

### *The Complaint Fails to Plead a Claim for Account Stated*

The analysis then turns to whether Plaintiff has adequately pled a claim for account stated. A claim for account stated is "an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note has been given for the balance." *TH Fashion Ltd. v. Vince Holding Corp.*, 230 A.D.3d 1079, 1079-80 (1st Dept. 2024). Such a claim "cannot be made an instrument to create liability when none otherwise exists but assumes the existence of some indebtedness between the parties or an express agreement to treat the statement in question as an account stated." *Martin H. Bauman Assoc., Inc. v. H& M Int'l Transport, Inc.*, 171 A.D.2d 479, 485 (1st Dept. 1991). There is, however, a "very narrow exception to the long-established rule that a plaintiff may assert both an account stated claim and a claim for breach of contract, where the plaintiff is attempting to use a claim for account stated simply as another means to attempt to collect under a disputed contract." *Aronson Mayefsky & Sloan, LLP v. Praeger*, 228 A.D.3d 182, 185-86 (1st Dept. 2024).

Here, Plaintiff alleges that once he became aware that Defendant's previously paused payments from the New York State Gaming Commission had recommenced, he sent an invoice in July of 2023 to Defendant for the amount of $87,600. The Court notes that according to Plaintiff's invoice, the retainer he alleges that Defendant paid in advance is listed as $3,000, which directly contradicts Plaintiff's later stance that the $10,000 in cash Defendant gave him in 2020 was an advance retainer. Plaintiff argues that Defendant's alleged failure to object to the invoice entitles him to an account stated. While it is true that "an account stated may often result from the retention of an invoice without objection, […] a different result may follow depending

**656295/2023   NCHUGH, JOHN F vs. MARTINEZ, RUBEN DARIO**
**Motion No.  003 004**

**Page 6 of 7**

6 of 7

on the circumstances that surround the submission of the statements." *Herrick, Feinstein LLP v. Stamm*, 297 A.D.2d 477, 478 (1st Dept. 2002).

Furthermore, here Plaintiff provides nothing but conclusory statements that the alleged invoice in question was actually sent to Defendant and that Defendant did not object, or indeed that there was an agreement between the two in the first place for Defendant to pay hourly rates on top of the $10,000 in cash or that the cash payment was an advance retainer, paid partway through representation. While "it is assumed, of course, that plaintiff's factual allegations are true, both in the complaint and opposition to the motion [] conclusory allegations will not serve to defeat a motion to dismiss." *DRMAK Realty LLC v. Progressive Credit Union*, 133 A.D.3d 401, 404 (1st Dept. 2015). Therefore, the complaint fails to properly plead a claim for an account stated. Accordingly, it is hereby

ADJUDGED that the plaintiff's motion for summary judgment is denied; and it is further

ORDERED that the defendant's motion to dismiss the complaint is granted, and this matter is dismissed.

20250321132127LFRANK79520A95EF44E94B485E2C431E983EB

| | |
|---|---|
| **3/21/2025** | **LYLE E. FRANK, J.S.C.** |
| **DATE** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656295/2023   NCHUGH, JOHN F vs. MARTINEZ, RUBEN DARIO**
**Motion No.  003 004**

**Page 7 of 7**

7 of 7

[* 7]