| **Flaherty v Dixon** |
|:---:|
| 2025 NY Slip Op 31593(U) |
| May 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160071/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. MARY V. ROSADO** | PART **33M** |
| | *Justice* | |

--------------------------------------------------------------------X

MARIE FLAHERTY,

                Plaintiff,

- v -

LINDSEY S. DIXON, AMAZON.COM, INC.,PRIME NOW
LLC,WHOLE FOODS MARKET GROUP, INC.,DAVY
CUMBERLAND, STEVE DOE, PHIL DOE, JOHANNA DOE,
EBRIMA DOE, JOHN DOE, DOES 11-50,

                Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160071/2021 |
| MOTION DATE | 08/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 54, 55, 56, 57, 58, 59, 71, 75, 76, 77, 78, 79, 80, 81

were read on this motion to/for                 DISMISS            .

Upon the foregoing documents, and after a final submission date of February 25, 2025, Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to CPLR 3211 or in the alternative striking certain irrelevant allegations pursuant to CPLR 3024(b) is granted in part and denied in part. Plaintiff's cross-motion to strike the instant motion as untimely, for default judgment, or alternatively to file a third amended complaint is denied.

## I.    Background

From March 2020 through May 2020, Plaintiff was employed by Defendant Amazon.com, Inc. ("Amazon") as a Prime Now Seasonal Shopper and completed orders at the Whole Foods located at West 96th Street in Manhattan.[1] She claims that Whole Foods employees discriminated against her because she was white and observed Covid-19 safety procedures. She alleges these

---

[1] She also alleges she worked at the Wholefoods on East 57th Street, but the discriminatory allegations are tied to the West 96th Street location.

160071/2021  FLAHERTY, MARIE vs. DIXON, LINDSEY S. ET AL
Motion No. 001

Page 1 of 5

workers tried to frustrate her from fulfilling orders. She claims this created a hostile work environment, and she alleges she was defamed by Whole Foods employees who conspired to interfere with her employment. Plaintiff was fired by Defendant Lindsey S. Dixon ("Dixon") after Dixon received reports that Plaintiff called Whole Foods employees racists and referred to them as "colored people." Plaintiff then commenced this lawsuit, which was removed to the Southern District of New York ("SDNY") on March 31, 2022 (NYSCEF Doc. 5). On February 16, 2023, United States District Judge Lorna G. Schofield dismissed Plaintiff's First Amended complaint (NYSCEF Doc. 8).

Although Plaintiff sought leave to amend, leave was denied because the proposed amendments were ~~futile~~ use another word - bcxLss. However, Judge Schoefield granted Plaintiff leave to refile a revised version of her proposed second amended complaint. Leave was granted solely to allege a tortious interference claim, retaliation claims under the New York State and City Human Rights Laws against Defendants Dixon and Davy Cumberland ("Cumberland"), and under the New York City Human Rights Law against Amazon, Prime Now LLC, and Whole Foods Market Group, Inc.[2] On March 26, 2025, this case was remanded to Supreme Court? due to lack of diversity jurisdiction (NYSCEF Doc. 6). On April 9, 2024, Plaintiff filed a Second Amended Complaint. Defendants move to dismiss.

## II.    Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). Conclusory allegations or claims

---

[2] Davy Cumberland was a supervisor at Whole Foods.

**160071/2021  FLAHERTY, MARIE vs. DIXON, LINDSEY S. ET AL**
**Motion No. 001**

consisting of bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

### B. Law of the Case

Plaintiff's allegations against new unnamed defendants and her repleaded discrimination claims under the New York State and City Human Rights Law are dismissed pursuant to prior holdings of Judge Schoefield (*see, e.g. Carmona v Mathisson*, 92 AD3d 492 [1st Dept 2012]). Judge Schoefield only granted Plaintiff leave to replead her tortious interference claims, New York State and City Human Rights laws retaliation claims against Dixon and Cumberland, and her retaliation claim under the New York City Human Rights Law against Amazon and Wholefoods. Thus, the only claims to consider on this motion are the tortious interference and retaliation claims.

### C. Tortious Interference

Plaintiff's tortious interference claims are dismissed. There is no alleged contract for purposes of a tortious interference with contractual relations claim (*330 Acquisition Co., LLC v Regency Savings Bank, F.S.B.*, 293 AD2d 314 [1st Dept 2002]). Second, Plaintiff alleges she was an at-will employee, which is fatal to a tortious interference with employment claim (*Petrisko v Animal Medical Center*, 187 AD3d 553 [1st Dept 2020]). Nor are there any alleged improper means, such as physical violence, fraud, or economic pressure allegedly used to terminate Plaintiff's employment. What is alleged is that Dixon responded to reports that Plaintiff engaged in discriminatory and disruptive behavior. Plaintiff also believes Dixon and Cumberland worked together to terminate Plaintiff for making complaints about failure to observe Covid-19 protocols. These allegations are insufficient to allege tortious interference, therefore this claim is dismissed.

**160071/2021   FLAHERTY, MARIE vs. DIXON, LINDSEY S. ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

### D. Retaliation Claims

Plaintiff's retaliation claims are dismissed. As held by the Court of Appeals, the mere fact that allegedly discriminatory or adverse acts take place after engaging in allegedly protected activity does not give rise to an inference of causality (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313-14 [2004]). Although Plaintiff alleges she engaged in a protected activity, she fails to allege that the termination of her employment was causally related to her complaints about discrimination and non-compliance with Covid-19 safety procedures (*see, e.g. Whitfield-Ortiz v Department of Educ. of City of New York*, 116 AD3d 580, 581 [1st Dept 2014]).

Plaintiff's allegations tie her termination to reports that she called Whole Foods employees racist, referred to them as "colored people," threatened to call the police on Whole Foods for failure to comply with Covid-19 safety procedures, and was allegedly ranting loudly to the Whole Foods on site manager (*Anandaraja v Icahn School of Medicine at Mount Sinai*, 227 AD3d 533, 536 [1st Dept 2024] [no factual allegations of anyone acting with retaliatory intent required dismissal of retaliation claim]; *Lum v Consolidated Edison Company of New York, Inc.*, 209 AD3d 434, 435 [1st Dept 2022] [retaliation claim failed where plaintiff's allegations tied his termination to allegedly positive drug result test]; *see also Hunts Point Multi-Service Center, Inc. v Bizardi*, 45 AD3d 481, 481-82 [1st Dept 2007]). Thus, the retaliation claims are dismissed (*see Massaro v department of Educ. of City of New York*, 121 AD3d 569, 570 [1st Dept 2014]). As the Second Amended Complaint is dismissed, Defendants' motion to strike certain allegations is moot.

### E. Plaintiff's Cross Motion

The Court denies Plaintiff's motion seeking default judgment against Defendants. Defendants have appeared and vigorously defended this case, seeking and obtaining dismissal of numerous amended pleadings. Likewise, the Court denies Plaintiff leave to amend. She has now

**160071/2021   FLAHERTY, MARIE vs. DIXON, LINDSEY S. ET AL**
**Motion No. 001**

**Page 4 of 5**

[* 4]

4 of 5

had numerous opportunities to amend her complaint, which has resulted in dismissal each time. At some point there must be finality to this lawsuit, which has bounced back and forth between state and federal court for approximately three and a half years. Moreover, Plaintiff did not annex a copy of the proposed amended pleadings to her motion papers as required by CPLR 3025(b).

To the extent Plaintiff sought leave to file an oversized brief, the Court has considered the already filed a 9,575-word brief. Finally, the Court does not consider the Defendants' motion untimely, nor were any defenses under the CPLR waived. The prior motions to dismiss were made in Federal Court, not in State Court under the CPLR. In any event this Court maintains the discretion to extend the deadlines for certain filings pursuant to CPLR 2004. The Court has considered the remainder of Plaintiff's contentions and finds them to be unavailing.

Accordingly, it is hereby,

ORDERED that Defendants' motion is granted to the extent that Plaintiff's Second Amended Complaint is dismissed, and the remainder of Defendants' motion is moot; and it is further

ORDERED that Plaintiff's cross motion is denied in its entirety; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/1/2025 | | | | *May V Rosa JSC* | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | x GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

160071/2021   FLAHERTY, MARIE vs. DIXON, LINDSEY S. ET AL                    Page 5 of 5
Motion No.  001

5 of 5