■ HUNTS POINT MULTI-SERVICE CENTER, INC., Appellant, v CARMAN BIZARDI, Respondent. [846 NYS2d 159]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered September 7, 2006, which, in an action for, inter alia, fraud and breach of fiduciary duty based on mismanagement and intentional wrongdoing by defendant, plaintiff's employee, insofar as appealed from as limited by the briefs, denied plaintiff's motion to dismiss, for failure to state a cause of action, defendant's counterclaims for retaliatory discrimination and abuse of process, unanimously reversed, on the law, without costs, the motion granted and such counterclaims dismissed. The Clerk is directed to enter judgment accordingly.

The subject counterclaims allege that plaintiff filed the instant action in March 2006, only two weeks after the Equal Employment Opportunity Commission (EEOC) notified plaintiff that it was investigating a discrimination complaint against plaintiff that defendant had filed in December 2005. It appears that the gist of the EEOC complaint is that plaintiff put defendant on administrative leave in May 2004, effectively terminating her employment, in retaliation for her refusing to falsely incriminate a coemployee of wrongdoing in an internal investigation of the coemployee conducted by plaintiff in April 2004. The coemployee was terminated in April 2002; filed a discrimination complaint with the EEOC in July 2002 that was dismissed in November 2002 with the proviso that EEOC was not certifying plaintiff's compliance with the discrimination statutes; and commenced a federal action against plaintiff in January 2003 alleging a hostile work environment and disparate treatment.

Notwithstanding the close temporal relationship between defendant's filing of the EEOC complaint and plaintiff's filing

of this action, defendant's allegation that plaintiff's internal investigation concerned the coemployee's discrimination claims is conclusory, and her counterclaims otherwise fail to show that she either assisted or encouraged the coemployee to bring a discrimination claim (*cf. Sorrentino v Bohbot Entertainment & Media*, 265 AD2d 245, 245 [1999]) or assisted in a "proceeding" within the meaning of Executive Law § 296 (1) (e) or Administrative Code of the City of NY § 8-107 (7). The internal investigation, which was conducted by a different attorney than the one who defended plaintiff against the coemployee's EEOC complaint, was not such a proceeding. Indeed, nowhere does defendant allege that she was asked a single question about the coemployee's discrimination claims or whether she had witnessed conduct falling within such claims. Giving defendant's counterclaims every favorable intendment, it appears that the internal investigation was concerned solely with corruption and mismanagement, not with conduct prohibited by the discrimination statutes (*see Dorvil v Hilton Hotels Corp.*, 25 AD3d 442 [2006]; *Unotti v American Broadcasting Cos.*, 273 AD2d 68 [2000]). Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.