■ MARY KOESTER, Appellant, v NEW YORK BLOOD CENTER, Respondent. [866 NYS2d 87]—

Order and judgment (one paper), Supreme Court, New York County (Rolando T. Acosta, J.), entered September 19, 2007, granting defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

*McDonnell Douglas Corp. v Green* (411 US 792 [1973]) sets forth a framework for courts to assess discrimination claims. The plaintiff must satisfy the minimal burden of making out a prima facie case. The burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for its actions. The burden then shifts back to the plaintiff to show that the proffered nondiscriminatory reason was a pretext and that the defendant actually discriminated against the plaintiff.

Plaintiff demonstrated that she suffered from a mental impairment and presented evidence sufficient to raise a triable issue as to whether she was able to perform her job in a reasonable manner before she was terminated from her employment. However, she offered no evidence that she was terminated because of her disability or behavior caused by her disability, and thus failed to establish a prima facie case of discrimination (*see Matter of McEniry v Landi*, 84 NY2d 554, 558 [1994]; Executive Law § 292 [21]). Nor did plaintiff either allege or show that she proposed a reasonable accommodation that defendant refused to make (*see Pimentel v Citibank, N.A.*, 29 AD3d 141, 148 [2006], *lv denied* 7 NY3d 707 [2006]). To the contrary, the evidence established that she requested a four-day work week and a 10:00 A.M. start time to accommodate her disability and that defendant granted that request, as well as her requests for medical leave. Even if plaintiff had met her burden of establishing a prima facie case of discrimination, defendant demonstrated by admissible evidence that its action was motivated by legitimate nondiscriminatory reasons, and plaintiff presented no basis for inferring that those reasons were pretextual (*see Matter of McEniry* at 558).

Plaintiff's claim of retaliation similarly fails. In order to make out a retaliation claim, plaintiff must show that (1) she was engaged in a protected activity; (2) her employer was aware that she participated in that activity; (3) she suffered adverse employment action based on her activity; and (4) there is a causal connection between the protected activity and the

adverse action (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]). Although she made a complaint of discrimination based on disability or race through defendant's hotline shortly before she was terminated, there is no basis for finding a causal connection between that protected activity and the termination (*id.* at 313). The termination followed more than a year of progressive disciplinary complaints from plaintiff's supervisors concerning her repeated unapproved absences and failure to notify supervisors that she would be late, instances of poor performance, breach of company policies, and unprofessional behavior. Under the circumstances, the temporal proximity between plaintiff's hotline complaint and defendant's adverse action is alone insufficient to support a claim of retaliatory discharge (*see Hunts Point Multi-Serv. Ctr., Inc. v Bizardi*, 45 AD3d 481, 481-482 [2007], *lv dismissed* 10 NY3d 909 [2008]; *Slattery v Swiss Reins. Am. Corp.*, 248 F3d 87, 95 [2d Cir 2001], *cert denied* 534 US 951 [2001]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.