Judgment, Supreme Court, New York County (Louis B. York, J.), entered November 15, 2012, annulling respondents’ determination, dated December 30, 2011, which terminated petitioner as a probationary principal, and directing respondents to return petitioner to her position, with back pay, unanimously reversed, on the law, without costs, the judgment vacated, respondents’ determination reinstated, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Petitioner failed to meet her burden of establishing that she was terminated in bad faith or for an improper or impermissible reason (see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y., 71 NY2d 763 [1988]). The record demonstrates that throughout petitioner’s years of service the district superintendent had various concerns about her performance, inter alia, with respect to students’ academic performance, school budgetary issues, and her leadership abilities. Nevertheless, petitioner was offered extensions of her probationary employment twice. It was after she refused to extend the probationary employment willingly the second time — in particular, she commented in writing on the agreement that she disagreed with numerous clauses and that she was signing the offer “under duress” — that she was terminated.
Respondents were not required, simply because they had done so once, to extend petitioner’s probation a second time despite their concerns about her performance.
*529 The petition fails to establish a prima facie case of discrimination or retaliation, based on environmental disability, under the state and city human rights laws (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Melman v Montefiore Med. Ctr., 98 AD3d 107, 127 [1st Dept 2012]; see also Koester v New York Blood Ctr., 55 AD3d 447, 448-449 [1st Dept 2008] [elements of retaliation case]). The only allegation in support of these claims is that there was “temporal proximity” between respondents’ discovery of her disability and their termination of her employment, and, without other evidence, five months is not sufficient to establish the requisite causal connection. In any event, the record demonstrates that by August 2011 respondents had addressed petitioner’s environmental concerns by repeated testing of the school and, at the recommendation of a Department of Education (DOE) physician, providing an air purifier for her office, and that petitioner’s next communication about a respiratory condition was not until December 22, 2011, the day after she learned of respondents’ offer to extend her probationary period for another year.
These facts also undermine the allegation that petitioner was denied a reasonable accommodation (see Jacobsen v New York City Health & Hosps. Corp., 97 AD3d 428, 431 [1st Dept 2012]). Petitioner was not entitled to a transfer under the collective bargaining agreement. However, she was instructed to proceed with an accommodation review by the DOE’s Medical Bureau, which, as indicated, resulted in her being provided with an air purifier, and she did not complain again about her condition until after she was offered the second extension of probation, rather than tenure.
Labor Law § 740 is not applicable to petitioner’s claims (see Yan Ping Xu v New York City Dept. of Health, 77 AD3d 40, 48 n [1st Dept 2010]). Concur — Andrias, J.P, Friedman, Richter, Manzanet-Daniels and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 32770(11).]