Matter of Sullivan v New York State Div. of Human Rights (2018 NY Slip Op 02947)





Matter of Sullivan v New York State Div. of Human Rights


2018 NY Slip Op 02947


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


304 CA 17-01761

[*1]IN THE MATTER OF MARGARET SULLIVAN, PETITIONER-APPELLANT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND ORCHARD PARK CENTRAL SCHOOL DISTRICT, RESPONDENTS-RESPONDENTS. 






LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (CHARLES L. MILLER, II, OF COUNSEL), FOR PETITIONER-APPELLANT. 
HODGSON RUSS LLP, BUFFALO (NICHOLAS I. VOZZO OF COUNSEL), FOR RESPONDENT-RESPONDENT ORCHARD PARK CENTRAL SCHOOL DISTRICT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered December 7, 2016 in a proceeding pursuant to Executive Law § 298. The order denied the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 challenging the determination of respondent New York State Division of Human Rights (SDHR) that there was no probable cause to believe that respondent Orchard Park Central School District (District) engaged in unlawful discriminatory practices against petitioner based upon her age, disability and gender, or that the District retaliated against petitioner when she complained of those alleged unlawful discriminatory practices. Supreme Court properly confirmed the determination. "Where, as here, SDHR renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacked a rational basis' " (Matter of Napierala v New York State Div. of Human Rights, 140 AD3d 1746, 1747 [4th Dept 2016]). " Probable cause exists only when, after giving full credence to complainant's version of the events, there is some evidence of unlawful discrimination' " (Matter of Mambretti v New York State Div. of Human Rights, 129 AD3d 1696, 1697 [4th Dept 2015], lv denied 26 NY3d 909 [2015]).
We conclude that SDHR's determination of no probable cause was not arbitrary or capricious, and it had a rational basis. Here, accepting petitioner's version of the events, we conclude that there is no evidence of unlawful discrimination based upon age or gender arising from the District's involuntary transfer of petitioner from the high school to an elementary school. However personally objectionable the transfer was to petitioner, it did not constitute an adverse employment action (see generally Forrest v Jewish Guild for the Blind, 3 NY3d 295, 306 [2004]). In any event, even if the transfer was an adverse employment action, we further conclude that a rational basis supports SDHR's conclusion that the transfer did not occur under circumstances giving rise to an inference of discrimination based on age or gender (see Matter of McFarland v New York State Div. of Human Rights, 241 AD2d 108, 113 [1st Dept 1998]).
A rational basis also supports SDHR's determination that there was no probable cause to believe that the District failed to provide assistance or reasonable accommodations for petitioner's alleged disabilities, inasmuch as petitioner failed even to allege that she requested assistance that the District refused to provide, or proposed reasonable accommodations that the [*2]District refused to make (see Koester v New York Blood Ctr., 55 AD3d 447, 448 [1st Dept 2008]; Pimental v Citibank, N.A., 29 AD3d 141, 148-149 [1st Dept 2006], lv denied 7 NY3d 707 [2006]). Finally, petitioner failed to identify any adverse employment action taken by the District in response to her complaints of alleged discrimination, and thus a rational basis supports SDHR's conclusion that there was no probable cause to believe that the District engaged in unlawful retaliation (see generally Calhoun v County of Herkimer, 114 AD3d 1304, 1306 [4th Dept 2014]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court