Correa v City of New York (2020 NY Slip Op 06383)





Correa v City of New York


2020 NY Slip Op 06383


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 28280/18E Appeal No. 12303 Case No. 2020-02116 

[*1]Ivelisse Correa, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.


Kreisberg & Maitland, LLP, New York (Jeffrey L. Kreisberg of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about November 19, 2019, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, without costs.
Plaintiff alleges that defendants discriminated against her on the basis of disability when they terminated her employment shortly after she revealed to her immediate supervisor that she was being treated for depression. The complaint alleges that before the revelation was made, plaintiff had been investigated for violating certain of defendants' policies and procedures (of which the record shows she was aware).
The complaint fails to state a cause of action under the State and CityHuman Rights Laws because it alleges no facts from which it can be inferred that plaintiff's disability was a factor in the termination of her employment(see Farkas v River House Realty Co., Inc., 173 AD3d 405 [1st Dept 2019]). The complaint does not allege that anyone other than plaintiff's immediate supervisor was aware of her disability or that the supervisor was consulted about the termination (see Anonymous v Mount Sinai Hosp., 164 AD3d 1167, 1168 [1st Dept 2018], lv denied 32 NY3d 913 [2019]). To the extent plaintiff relies on the temporal proximity between her revelation to her supervisor of her disability and her termination from employment, it does not avail her in the absence of any allegations suggesting a causal connection between the two events (see Koester v New York Blood Ctr., 55 AD3d 447, 449 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020