24-1085-cv
*Uttarwar v. Lazard Asset Management LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MANMOHAN UTTARWAR,[*]

> *Plaintiff-Appellant,*

> v.                                                                 24-1085-cv

LAZARD ASSET MANAGEMENT LLC, KERI TUSA,

> *Defendants-Appellees.*

_____

For Plaintiff-Appellant:          Marshall B. Bellovin, Ballon Stoll, P.C., New York, NY.

_____

[*] As highlighted in the district court's Opinion and Order, *Uttarwar v. Lazard Asset Mgmt. LLC*, No. 22 Civ. 8139 (DEH), 2024 WL 1251177, at *1 n.1 (S.D.N.Y. Mar. 22, 2024), and the parties' briefing, while the plaintiff-appellant's name is reflected as "Mammohan" on the docket, the correct spelling is "Manmohan." The Clerk of Court is directed to amend the caption accordingly.

For Defendants-Appellees: Anne E. Beaumont, Matthew Tharp, Lance Gotko, Friedman Kaplan Seiler Adelman & Robbins LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ho, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Manmohan Uttarwar appeals from a judgment entered by the district court, granting summary judgment in favor of the Defendants-Appellees on each of Uttarwar's fourteen employment-law claims asserted under federal, state, and local laws. These claims principally allege that defendants Lazard Asset Management LLC ("LAM"), Uttarwar's previous employer, and Keri Tusa ("Tusa"), Uttarwar's previous manager, (1) discriminated against him on the basis of his religion, race, national origin,[1] familial status, and caregiver status; (2) retaliated against him for complaining of this discriminatory treatment and for taking parental leave; and (3) created a hostile work environment during his tenure with LAM in violation of the Family and Medical Leave Act of 1933 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we recount only as necessary to explain our decision to **AFFIRM**.

---

[1] Uttarwar identifies as a member of the Hindu religion and is of Asian Indian descent and Indian national origin.

2

\* \* \*

"We review a district court's grant of summary judgment *de novo*." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (quoting *Lombard v. Booz–Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir. 2002)). Summary judgment is appropriate upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. This Court has emphasized "the need for caution" when determining whether to "grant[] summary judgment to an employer in a discrimination case" that turns on "the employer's intent." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (quoting *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008)). But we have also acknowledged that "[e]ven in the discrimination context . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." *Id*.

A.     Discrimination Claims

Uttarwar's claims stem from his employment at LAM as a Senior Vice President, Senior Trading and Technology Engineer ("SVP"). He alleged that the defendants subjected him to discriminatory treatment based on his race, national origin, religion, caregiver status, familial status, and relationship with his pregnant wife by removing his subordinates, assigning him low performance ratings, moving him from his shared office space to the general floor, and ultimately

3

terminating him, in violation of the NYSHRL, N.Y. Exec. Law § 296 *et seq.*, and the NYCHRL, N.Y. Admin. Code § 8-107 *et seq.*

The New York City Council amended the NYCHRL in 2005 to require that its provisions be construed independently and more liberally than its federal and state counterparts. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109–10 (2d Cir. 2013) (citing N.Y.C. Local L. No. 85 (2005)). We have accordingly ruled that "courts must analyze NYCHRL claims separately and independently from any federal and state law claims" and emphasized that conduct "not actionable under federal and state law" may still be "actionable under the broader New York City standards." *Id.* at 109. Here, even under the liberal standards of the NYCHRL, we conclude that the defendants are entitled to summary judgment on Uttarwar's discrimination claims.[2]

NYSHRL and NYCHRL claims are both analyzed using the three-step burden shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Furfero v. St. John's Univ.*, 941 N.Y.S.2d 639, 641 (N.Y. App. Div. 2012) (applying *McDonnell Douglas* to NYSHRL claims); *Melman v. Montefiore Med. Ctr.*, 946 N.Y.S.2d 27, 30–31 (N.Y. App. Div. 2012) (applying *McDonnell Douglas* to NYCHRL claims).

_____

[2] It is unclear whether Uttarwar's state law claims accrued under the NYSHRL as amended in 2019, or under the pre-amendment law. The 2019 NYSHRL amendment mirrors the 2005 NYCHRL amendment, instructing courts to construe the provisions of the NYSHRL liberally to effect the remedial purposes of the law. N.Y. Executive Law § 300; *see* L. 2019, ch. 160, §§ 6, 16. But there is continuing uncertainty regarding the effective date of the NYSHRL amendment, with some courts using the date the legislation was signed, August 12, 2019, and other courts using the date other parts of the omnibus bill containing the amendments took effect, October 11, 2019. *Compare Golston-Green v. City of New York*, 123 N.Y.S.3d 656, 665 n.1 (N.Y. App. Div. 2020) (explaining that amendment "requir[ing] an independent liberal analysis . . . was made to be effective August 12, 2019"), *with Ruiz v. Armstrong*, 207 N.Y.S.3d 374, 390 n.3 (N.Y. Sup. Ct. 2024) (using an October 11, 2019 effective date), *and Cannizzaro v. City of New York*, 206 N.Y.S.3d 868, 884 (N.Y. Sup. Ct. 2023) (same). Uttarwar was terminated on September 25, 2019, between the two relevant dates. Because we conclude that Uttarwar's claims fail even under the NYCHRL's and post-amendment NYSHRL's more liberal standards, we need not resolve the issue.

This framework first requires a plaintiff to establish a prima facie case of discrimination, *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013), which represents a "minimal" burden in employment discrimination cases, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). "Once a prima facie case of retaliation is established, the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Summa*, 708 F.3d at 125 (quoting *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001)). If that burden is met, the burden returns "to the plaintiff to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id.* (quoting *Raniola*, 243 F.3d at 625). Because the NYCHRL must be construed to account for its "uniquely broad and remedial purposes," *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2d Cir. 2015) (quoting *Mihalik*, 715 F.3d at 109), a NYCHRL defendant must also demonstrate that it is entitled to summary judgment under the "mixed-motive" standard, *Melman*, 946 N.Y.S.2d at 30 (citing *Bennett v. Health Mgt. Sys., Inc.*, 936 N.Y.S.2d 112 (N.Y. App. Div. 2011)); *see also Ellison v. Chartis Claims, Inc.*, 115 N.Y.S.3d 53, 58 (N.Y. App. Div. 2019). This allows the plaintiff to rebut the employer's legitimate reasons by establishing that "the action was 'motivated at least in part by . . . discrimination'" rather than requiring the plaintiff to "prove that the reason proffered by the employer for the challenged action was actually false or entirely irrelevant." *Melman*, 946 N.Y.S.2d at 41 (quoting *Est. of Hamilton v. City of New York*, 627 F.3d 50, 56 (2d Cir. 2010)). Summary judgment on NYCHRL claims is therefore appropriate only when "'the record establishes as a matter of law' that discrimination . . . 'played no role' in the defendant's actions." *Ya-Chen Chen*, 805 F.3d at 76 (alteration omitted) (quoting *Mihalik*, 715 F.3d at 110 n.8).

Here, even assuming that Uttarwar met the minimal burden required to establish his prima facie case for discrimination on the basis of a protected characteristic, he has failed to create a

5

genuine dispute of material fact that the defendants' legitimate, nondiscriminatory reasons for their challenged actions were pretextual. The defendants cite a company-wide reduction in force resulting in the termination of over 50 LAM employees as a reason for Uttarwar's termination, which we have held "constitutes a legitimate, nondiscriminatory reason for termination of employment." *Delany v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014); *see also Smith v. Fed. Defs. of N.Y., Inc.*, 76 N.Y.S.3d 154, 155 (N.Y. App. Div. 2018). And while "[e]ven within the context of a legitimate reduction-in-force . . . an employer may not discharge an employee 'because' of" a protected characteristic, *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 169 (2d Cir. 2001), an employer may select an employee for termination because of "unsatisfactory work performance," *Bennett*, 936 N.Y.S.2d at 124. The defendants offered evidence of Uttarwar's poor performance, including multiple poor performance reviews, supported by specific instances of Uttarwar's failure to execute on projects, his lack of responsiveness to Tusa's requests, and complaints from other LAM employees regarding his work. The defendants therefore met their burden to provide legitimate, nondiscriminatory reasons for their challenged conduct.

Uttarwar endeavored to rebut the defendants' legitimate reasons for the allegedly discriminatory treatment before the district court by contesting Tusa's characterization of his performance, providing two emails as evidence that other LAM superiors were satisfied with his work. But neither email directly contradicts Tusa's specific complaints regarding Uttarwar's performance. And even if Uttarwar succeeded in establishing that Tusa's evaluation of his performance was incorrect or at odds with the views of other LAM superiors, Uttarwar's burden at this stage was to create a genuine dispute that the proffered reasons were a pretext for discrimination—not just that the proffered reasons were incorrect. *See Melman*, 946 N.Y.S.2d at 36 ("The mere fact that [plaintiff] may disagree with [his] employer's actions or think that [his] behavior was justified

6

does not raise an inference of pretext.") (quotation marks and citation omitted); *Alhaj v. N.Y.C. Health & Hosps. Corp.*, 177 N.Y.S.3d 433, 456–57 (N.Y. Sup. Ct. 2022) ("[I]t does not matter whether the employer's decision was fair or correct . . . so long as the stated reason for the action was non discriminatory.") (citation omitted). Uttarwar did not meet this burden; the only other evidence of discriminatory animus he identified were conclusory statements from his own declaration. This was insufficient to defeat the defendants' motion for summary judgment. *See Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 428 (2d Cir. 2001) (explaining that nonmoving parties cannot defeat summary judgment by "rely[ing] on conclusory allegations or unsubstantiated speculation") (quotation marks and citation omitted); *Bickerstaff v. Vassar Coll.,* 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."). We therefore affirm the district court's decision to grant summary judgment in favor of the defendants on Uttarwar's discrimination claims.

## B.     Retaliation Claims

Uttarwar also alleged that the defendants retaliated against him for requesting and taking parental leave in violation of the FMLA, 29 U.S.C. § 2615 *et seq.*, and for complaining of his allegedly discriminatory treatment, in violation of the NYSHRL, N.Y. Exec. Law § 296 *et seq.*, and the NYCHRL, N.Y.C. Admin. Code § 8-107 *et seq.* Like Uttarwar's discrimination claims, his retaliation claims are analyzed pursuant to the three-step burden-shifting framework set out in *McDonnell Douglas,* with his NYCHRL claims additionally subject to the mixed-motive standard at step three of that framework. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016) (applying the *McDonnell Douglas* framework to FMLA claims); *Reichman v. City of New York*, 117 N.Y.S.3d 280, 286–87 (N.Y. App. Div. 2020) (applying the *McDonnell Douglas*

7

and the mixed-motive frameworks to NYCHRL claims). NYCHRL defendants are entitled to summary judgment "only if the plaintiff cannot show that retaliation played any part in the employer's decision." *Mihalik*, 715. F.3d at 116.

Again, assuming *arguendo* that Uttarwar succeeded in establishing a prima facie case for each of these claims, he nevertheless failed to create a genuine dispute of material fact that the defendants' legitimate, nonretaliatory reasons were pretextual. While Uttarwar cites the temporal proximity between his protected FMLA leave and his termination to support an inference of retaliatory animus, we have made clear that "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 847 (2d Cir. 2013); *see also Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254 (2d Cir. 2014) ("[T]emporal proximity alone is not enough to establish pretext in this Circuit."). While "temporal proximity, together with other evidence such as inconsistent employer explanations," may be enough to defeat summary judgment, *Zann Kwan*, 737 F.3d at 847, Uttarwar has failed to provide evidence calling into question the legitimacy of the defendants' explanations for his termination—his poor work performance and LAM's company-wide workforce reduction. We therefore agree with the district court and affirm its grant of summary judgment for the defendants on Uttarwar's FMLA retaliation claim.

Uttarwar's NYCHRL and NYSHRL claims fare no better. Because the defendants here provided legitimate, nonretaliatory reasons for their challenged conduct, the NYCHRL requires Uttarwar to provide admissible evidence that the conduct was "caused at least in part by . . . retaliatory motives." *Ya-Chen Chen*, 805 F.3d at 76 (quoting *Mihalik*, 715 F.3d at 113); *see also Franco v. Hyatt Corp.*, 137 N.Y.S.3d 34, 37 (N.Y. App. Div. 2020) (explaining that after "the defendant offers legitimate, nonretaliatory reasons for its conduct, then the plaintiff must produce

evidence showing the defendant was motivated, at least in part, by an impermissible motive").

And even under the more liberal city law standards, temporal proximity alone remains insufficient to demonstrate retaliatory motives after the employer has offered legitimate, nonretaliatory reasons. *See Ya-Chen Chen*, 805 F.3d at 76–77 (explaining that "the fact that [the plaintiff's] reappointment decision came soon after her . . . complaint is insufficient to support a claim of retaliatory discharge"); *see also Hunts Point Multi-Service Ctr., Inc. v. Bizardi*, 846 N.Y.S.2d 159, 160 (N.Y. App. Div. 2007).   We accordingly affirm the district court's grant of summary judgment on Uttarwar's NYSHRL and NYCHRL retaliation claims as well.

### C.       Hostile Work Environment Claims

Finally, Uttarwar appeals the district court's grant of summary judgment in favor of the defendants on his hostile work environment claims based on race, national origin, and religion brought under the NYSHRL, N.Y. Exec. Law § 296 *et seq.*, and the NYCHRL, N.Y.C. Admin. Code § 8-107 *et seq.*   NYSHRL liability requires that an employee establish that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Forrest v. Jewish Guild for the Blind*, 819 N.E.2d 998, 1010 (N.Y. 2004).   But to impose liability under the NYCHRL, a plaintiff need only establish that he "has been treated less well than other employees because of [a protected characteristic]." *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 39 (N.Y. App. Div. 2009).   Even under this lower standard, however, an NYCHRL plaintiff must still show that the conduct is "caused at least in part by discriminatory . . . motives." *Mihalik*, 715 F.3d at 113 (citing *Williams*, 872 N.Y.S.2d at 39–40 & n.27); *see also Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) ("[I]t is 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that

9

the conduct occurred because of her sex."). It is therefore "not enough that a plaintiff has an overbearing or obnoxious boss;" he "must show that [he] has been treated less well at least in part '*because of* [a protected characteristic].'" *Mihalik*, 715 F.3d at 110 (quoting *Williams*, 872 N.Y.S.2d at 39, 40 n.27). This may be proven by harassment in "derogatory terms," which "make it clear that the harasser is motivated by general hostility" to the plaintiff's protected characteristic, "or by offering some circumstantial or other basis for inferring that incidents . . . neutral on their face were in fact discriminatory." *Pucino v. Verizon Wireless Commc'ns, Inc.,* 618 F.3d 112, 117–18 (2d Cir. 2010) (quotation marks and citations omitted).

Uttarwar has not provided direct evidence that establishes the defendants' conduct was motivated by a general hostility toward Uttarwar's race, national origin, or religion. He complains of the fact that he was excluded from numerous meetings, subjected to frivolous criticisms, lost his subordinates, and moved from his shared office space to the general floor. Unlike situations in which plaintiffs complain of racially charged language, *see Forrest*, 819 N.E.2d at 1010, or "sexually inappropriate comments about [the plaintiff's] appearance," *Mahoney v. City of Albany*, 181 N.Y.S.3d 716, 722 (N.Y. App. Div. 2022), here the defendants' actions are facially neutral toward Uttarwar's protected characteristics. And as we determined in the context of Uttarwar's discrimination claims, he has failed to adduce sufficient evidence to create a genuine dispute of material fact that the contested conduct stemmed from discriminatory animus. We therefore affirm the district court's grant of summary judgment for the defendants on plaintiff's hostile work environment claims under the NYSHRL and NYCHRL.

\*　　\*　　\*

10

We have considered Uttarwar's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court